# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD JOHNSON, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No. 4:07CV1843 AGF |
| UNKNOWN DOYLE, et al., | ) ) ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 103750), an inmate at Farmington Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $32.25. See 28 U.S.C. § 1915(b)(1). Furthermore the Court will order the Clerk to issue process or cause process to be issued on plaintiff's complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of

(1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $161.23, and an average monthly balance of $54.26. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $32.25, which is 20 percent of plaintiff's average monthly deposit..

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated during the time period he was a held as a pretrial detainee at the Lincoln County Jail. Named as defendants are: Unknown Doyle (Captain), Scott Doe (police officer), Jeff Doe (police officer), Mike Doe (police officer) and Diane Doe[1] (nurse). Plaintiff claims that he has a severe back injury which occurred when he fell from an eight (8) story building. Plaintiff asserts that he was receiving treatment for this injury, in the form of prescription medication, at the time he was incarcerated at the Lincoln County Jail. He alleges that upon his incarceration, his prescription medications were taken from him as a result of a policy instituted by

---

[1]Although plaintiff named this defendant as Diane Dixon in his complaint, he has since filed a motion to amend his complaint [Doc. #8] to change the name of this defendant to Diane Doe. The Court will grant plaintiff's motion.

defendant Doyle, but that he was not given any medical treatment or other prescriptions in exchange for his confiscated medication. Thus, plaintiff claims that defendant Doyle was deliberately indifferent to his serious medical needs.

Plaintiff also asserts that he was subjected to cruel and unusual punishment and/or deliberate indifference by defendants Doyle, Scott Doe, Jeff Doe and Mike Doe when they ignored his repeated requests for protection from his cell mate and failed to prevent an attack by that inmate. Plaintiff alleges that as a result of defendants' failure to heed his warnings, he was severely beaten by his cell mate and consequently, suffered injuries to his back, neck and shoulder. Plaintiff additionally asserts that Nurse Diane Doe was deliberately indifferent to his medical needs which resulted from the attack. Because plaintiff's claims survive initial review under 28 U.S.C. § 1915, the Court will order the Clerk to issue process on plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint [Doc. #8] is **GRANTED**. The Clerk shall substitute defendant Diane Doe for the defendant formerly identified as Diane Dixon.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $32.25 within thirty (30) days of the date of this Order. Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to serve defendants [Doc. #5] is **GRANTED**. The Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 17th day of January, 2008.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE