# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1843 AGF |
| | ) | |
| UNKNOWN DOYLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to compel. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his safety and to his serious medical needs.

In his motion to compel, plaintiff asks the Court to compel defendants to produce answers to his discovery requests, which plaintiff claims to have served on defendants on May 15, 2008. Although plaintiff claims that he has made a "good faith effort" to attempt to confer with defendants regarding his request, he has not appended to his motion any evidence of doing so. Rather, plaintiff makes his assertion in a conclusory fashion, indicating only the date he purportedly attempted to confer with defendant – June 3, 2008. Plaintiff has not appended his original discovery requests to the motion, nor has he attached any evidence of a good faith effort on his part to compel discovery from defendants.

First and foremost, plaintiff's motion will be denied because it is premature. Pursuant to Federal Rules of Civil Procedure 33 and 34, parties are allowed thirty (30) days to respond to another party's discovery requests, and provided additional time for mailing. Accordingly, defendants have until approximately June 18, 2008 to answer plaintiff's discovery requests.

Additionally, the Court notes that even if plaintiff's motion was not premature, it would be denied for plaintiff's failure to comply with Local Rule 3.04(A). In order to bring a motion to compel, plaintiff must provide the Court with evidence that he has made a good faith effort to confer with defendants regarding the purported outstanding discovery response.

Local Rule 3.04(A) of this Court provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

Although plaintiff may not be able to confer with defendants' counsel in person or by telephone, he can write to him to attempt to resolve the dispute, and must do so prior to filing a motion to compel. This "attempt to confer" cannot be done through

the filing of motions with this Court, but must instead be accomplished through written correspondence between the parties.

In the future, if plaintiff wishes to file a motion to compel with this Court, he must provide the Court with copies of the written correspondence evidencing his compliance with Local Rule 3.04(A). Where plaintiff claims in a motion to compel that defendants did not properly respond to a discovery request, plaintiff must also provide the Court with copies of both his discovery request(s) and the defendants' response(s), so the Court will be able to evaluate whether or not the response or objection was appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff wishes to file a motion to compel in the future, he must provide the Court with copies of written correspondence evidencing his compliance with Local Rule 3.04(A).

**IT IS FURTHER ORDERED** that where plaintiff claims in a motion to compel that the defendants did not properly respond to a discovery request, plaintiff must also provide the Court with copies of both his discovery request(s) and the

defendants' response(s), so the Court will be able to properly evaluate the motion.

Dated this 9th day of June, 2008.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE