# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1843 AGF |
| | ) | |
| UNKNOWN DOYLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion for summary judgment. Plaintiff brought this action, pro se, under 42 U.S.C. §1983, claiming that while he was an inmate at the Lincoln County Jail, officials at the facility failed to protect him from assault by a federal detainee and were deliberately indifferent to his serious medical needs both before and after the assault. The parties consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(c). After careful review of the matter, Defendants' motion will be denied.

### Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials

on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

When reviewing a motion for summary judgment, the Court must construe the record in the light most favorable to the non-moving party. Heisler v. Metro. Council, 339 F.3d 622, 626 (8th Cir. 2003). The moving party bears the burden of establishing the absence of any issue of material fact and its entitlement to judgment as a matter of law. Id. The burden then shifts to the non-moving party, who may not normally rest on the pleadings, but must provide specific facts showing that issues of material fact exist for trial. Id. However, where a plaintiff submits a verified complaint, "the facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive a summary judgment motion." Roberson v. Hayti Police Dep't, 241 F.3d 992, 994 -995 (8th Cir. 2001).

**Evidentiary Issues**

Plaintiff has submitted a verified complaint. As is stated above, a verified complaint is the same as an affidavit for the purposes of summary judgment. Therefore, the Court is required to view the facts stated in the complaint in the light most favorable to Plaintiff when deciding whether a question of material fact exists for trial.

In support of their motion for summary judgment, Defendants filed the affidavit of Defendant Doyle, a Captain in the Lincoln County Sheriff's Department and custodian of records, which attaches certain "business records" as exhibits. The business records consist of nurses notes, medical exam forms, incident reports by correctional officers, and other institutional documents.

The affidavit submitted by Defendants is deficient in many respects. First, Doyle asserts therein many things about which he appears to have no personal knowledge, such as the actions taken by other Defendants outside of his presence. Second, the business records are not properly authenticated. Under Rule 803(6) of the Federal Rules of Evidence, business records are not hearsay if they are made "at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the [record], all as shown by the testimony of the custodian or other qualified witness . . ." To lay a foundation for the admission of business records, the custodian must attest that the record was in fact made at or near the time in the regular course of a regularly conducted activity and that it was made by a person with direct knowledge of the contents of the record. Graham, Handbook of Federal Evidence § 803:6 (6th ed. 2006). "In the absence of such testimony, the

business record is *not* admissible." Id. n. 40; see Imwinkelried, Evidentiary Foundations § 10.05[2] (7th ed. 2008); Fed. R. Evid. 902(11).

In his affidavit, Doyle does not attest that the offered business records were made at or near the time of the incidents which they describe. And while it appears that the medical notes were made at the time Plaintiff was treated by the jail nurse, there is no identification on the correctional officers' incident reports as to when they were made. Without the proper attestation by Doyle or other qualified witness, none of the exhibits submitted by Defendants are admissible.

With these evidentiary issues and the standard of review in mind, the Court accepts the following facts as true for the purpose of deciding the motion for summary judgment.

**Background**

At all times relevant to the complaint, Plaintiff was a pretrial detainee at the Lincoln County Jail (the "Jail"). The named Defendants are Doyle, Scott Bonney (Deputy, Lincoln County Sheriff's Department), Jeff Holdmeyer (same), Michael Korte (same), and Diane Cockrell, a nurse at the Jail ("Nurse").

Before his incarceration at the Jail, Plaintiff sustained severe injuries to his back, hips, and heels after falling from an eight-story building. Surgical rods were placed in

Plaintiff's lower back to stabilize his spine. Before his arrival at the Jail, Plaintiff was on several medications, including a "Fetanol pain patch," to control his chronic, severe pain. Plaintiff was apparently disabled as a result of his injuries.

Plaintiff arrived at the Jail on April 26, 2006. Upon his arrival, all of his medications were confiscated and not returned to him. Plaintiff was informed that it was the policy of Defendant Doyle not to allow inmates to have their prescription medications. Plaintiff was in severe pain during his entire stay at the Jail as the result of the withholding of his medications.

On August 1, 2006, Plaintiff informed Defendant Korte that another inmate, Muhammad Hill, had threatened to assault Plaintiff and other residents of D Pod. On August 2, 2006, Plaintiff gave a note to Defendant Holdmeyer asserting that Hill had again threatened him and requesting to be moved to another location within the Jail. Later that day, Plaintiff gave a note to Defendant Bonney stating that Hill was a threat and requesting protective custody. None of the Defendants responded to Plaintiff's requests.

On August 3, 2006, while Plaintiff was asleep, Hill entered Plaintiff's cell and began hitting him in the face and head. When Plaintiff awoke, Hill pulled Plaintiff off of his bunk, and Plaintiff fell to the floor, further injuring his back. After he fell to the

floor, Plaintiff had difficulty moving. Hill told Plaintiff not to tell the staff about the incident or he would hurt Plaintiff further. Hill then left Plaintiff's cell.

After Hill left, Plaintiff crawled back into his bunk, where he remained quiet due to his fear and pain. Two hours later, however, Hill returned to Plaintiff's cell and began hitting and kicking him. Plaintiff was still having difficulty moving and was unable to defend himself. Plaintiff fell from the bunk again and attempted to crawl from the cell. Hill continued assaulting Plaintiff. As plaintiff got out of his cell, Correctional Officer Lindell intervened and removed Hill from the area.

After the incident, Plaintiff was unable to move his legs or feel any sensation in them. Plaintiff also experienced pain in his shoulders, ribs, and hips.

Plaintiff was then taken to the medical unit where he saw Defendant Cockrell. Cockrell examined Plaintiff and gave him 400 mg of Ibuprofen for his pain. Cockrell then placed Plaintiff in a holding cell with no bed or mattress to lie on. Sometime thereafter, Holdmeyer brought in a thin mattress for Plaintiff. Plaintiff was forced to stay in the cell for approximately eight hours until an x-ray technician and doctor arrived.

When the x-ray technician arrived, Holdmeyer came to Plaintiff's cell to take him to get x-rayed. When Holdmeyer arrived at Plaintiff's cell, he noticed that there was

a lot of blood on the floor. Holdmeyer ordered Plaintiff to clean the blood off of the floor or else he would not be allowed to get x-rayed. Plaintiff told Holdmeyer that he could not comply because he could not move his right shoulder. Holdmeyer continued to threaten to withhold the x-rays unless Plaintiff cleaned up the blood. Several inmates then intervened and volunteered to clean up the blood. Plaintiff was then taken to see the x-ray technician. After he was x-rayed, Plaintiff was returned to the cell.

Plaintiff was then seen by a physician, who found that plaintiff suffered no fractures but that he did suffer deep contusions to his shoulder, face, and ribs. The doctor prescribed extra strength Tylenol in addition to the Ibuprofen Plaintiff was already taking.

Three weeks later, Plaintiff complained to Cockrell that the bruising and swelling continued to cause him pain and that he had great difficulty moving his right arm. Cockrell refused to examine Plaintiff. A few days later, Plaintiff asked Cockrell for help again, this time because he had been unable to sleep. Cockrell again refused to examine Plaintiff or give him any additional pain medications.

Plaintiff saw the doctor again in November of 2006. The doctor noted that the bruising to Plaintiff's shoulder had not improved. Plaintiff now suffers from arthritis in the injured shoulder. Plaintiff asserts claims under 42 U.S.C. §1983, contending that

Defendants violated his Eighth Amendment rights by (1) failing to protect him from a known risk of assault; (2) deliberate indifference to his medical needs, including the withholding of pain medication during the months prior to the assault, and (3) deliberate indifference to his medical needs following the assault.

## Discussion

*A.     Assault by Inmate Hill*

> To prevail in a suit under 42 U.S.C. §1983, an inmate seeking damages from prison officials for subjecting him to cruel and unusual punishment by failing to protect him from assault by another inmate "must show something more than mere inadvertence or negligence. He must show the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates."

Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991) (quoting Miller v. Solem, 728 F.2d 1020, 1025 (8th Cir. 1984)); see also Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) (holding that claims of deliberate indifference are limited to acts that are intentional, knowing, or reckless in the criminal law context, which requires actual knowledge of a serious risk). "To establish 'reckless disregard' by prison officials, an inmate must show that he was faced with a 'pervasive risk of harm' and that the prison officials failed to respond reasonably to that risk." Andrews, 929 F.2d at 1330. Showing a "pervasive risk of harm" "requires evidence of frequent violence . . . which

places a prisoner or group of prisoners in reasonable fear for their safety; and prisoners must apprise the prison officials of the existence of the problem and the need for protective measures. In every case, a 'pervasive risk' is something more than a single incident and something less than a riot. Falls v. Nesbitt, 966 F.2d 375, 378 (8th Cir. 1992).

The facts as stated above state a viable claim for relief as to Defendants Bonney, Holdmeyer, and Korte's failure to protect Plaintiff from assault by Hill. Plaintiff claims that he was repeatedly threatened by Hill and that he relayed those threats to these Defendants. Nevertheless, these Defendants failed to take any steps to prevent the assault. Captain Doyle, in his affidavit, attests that "to the best of his knowledge, information and belief" neither Plaintiff nor other inmates of D Pod filed a petition concerning risks posed by federal inmates, and that there is no notice of any complaint by Plaintiff that Hill threatened to injure Plaintiff prior to the incident on August 3, 2006. In light of Plaintiff's verified complaint, however, the notice to Defendants remains a question of fact for determination by the jury. As such, Defendants are not entitled to summary judgment on Plaintiff's failure to protect claim.

B.   *Denial of Medical Care*

To state a claim for unconstitutional medical mistreatment, Plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. See Estelle

v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, Plaintiff must allege that he suffered objectively serious medical needs and that Defendants actually knew of but disregarded those needs. See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

Plaintiff has asserted such claims here, and his claims for medical mistreatment also survive summary judgment. Plaintiff claims that Defendant Doyle instituted a policy of denying detainees of their prescription medications. Defendants nowhere refuse this assertion. Plaintiff also claims that this policy caused him to bear unnecessary pain for several months. Further, he asserts that the injuries he received during the assault were severe, even more so in light of his preexisting condition. Plaintiff claims that despite the severity of these injuries, Defendant Cockrell refused to examine him or give him adequate pain medications. The materials submitted by Defendants fail to establish they are entitled to judgment as a matter of law. As stated above, Plaintiff's medical records, as submitted by Defendants, are inadmissible as evidence for the purpose of deciding the instant motion. Even if the medical records were admissible, however, the Court would still deny summary judgment on Plaintiff's medical mistreatment claims.

Defendants submitted a total of three pages of medical records. These records include one page of nurses notes and two pages that appear to be the same x-ray order form copied to different shades of gray. Defendants claim that they are entitled to summary judgment because "[t]here is no medical evidence in the record showing that Plaintiff was deprived of medical care nor is there any indication or any documentation reflecting that he is suffering from a serious permanent injury as a result of the August 3, 2006 altercation."

The submitted medical records, however, merely show that Plaintiff suffered some injuries that were severe enough to warrant an x-ray examination. Conspicuously absent is the result of the x-ray examination. Also absent is any formal diagnosis from a doctor as to the extent of plaintiff's injuries or a description of any treatment provided to Plaintiff. In short, while the records may lack any evidence showing that Plaintiff received severe injuries from the altercation, the records also fail to refute Plaintiff's claim that he was severely injured and that his injuries were left untreated. Nor do the materials submitted by Defendants address, in any fashion, Plaintiff's claims regarding the withholding of pain medication and other treatment prior to the August assault.

As such, Defendants have failed to establish that there are no issues of fact related to these claims, and Defendants, therefore, are not entitled to summary judgment on plaintiff's medical mistreatment claims.

For these reasons, the Court finds that Defendants have failed to show that they are entitled to summary judgment, and the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [#24] is **DENIED**.

Dated this 8th day of January, 2009.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE