**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONALD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1843 AGF |
| | ) | |
| LARRY DOYLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

This matter is before the Court on Plaintiff's pro se motion to consolidate the case of Donald Johnson v. Chris Neiman, et al., No. 4:09CV0689 JCH with the case by Plaintiff pending before the undersigned. Plaintiff is represented by counsel in his case before this Court. Parties who are represented by counsel may not communicate with the Court pro se. <u>Brasier v. Jeary</u>, 256 F.2d 474, 477 (8th Cir. 1958), <u>cert. denied</u>, 358 U.S. 867; 28 U.S.C. § 1654. As a result, the motion will be denied without prejudice.

Furthermore, the Court has reviewed the higher-numbered case and finds that consolidation is not appropriate. Rule 42(a) of the Federal Rules of Civil Procedure gives this Court broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice. <u>See</u>, <u>e.g.</u>, <u>Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.</u>, 339 F.2d

673, 675 (3d Cir.1964), <u>cert. denied</u>, 382 U.S. 812 (1965); <u>E.P.A. v. City of Green</u>

<u>Forest, Ark.</u>, 921 F.2d 1394, 1402 (8th Cir. 1990) (discretion). "[T]he mere fact that

a common question is present, and that consolidation therefore is permissible under

Rule 42(a), does not mean that the trial court judge must order consolidation." 9A

Wright & Miller, Fed. Prac. & Proc. Civ. § 2383 (3d ed. 2010).

> [T]here are many reasons why a district judge may deny a request for the
> consolidation of separate cases. For example, a motion under Rule 42(a)
> may be denied if the common issue is not central to the resolution of the
> cases, or if consolidation will cause delay in the processing of one or
> more of the individual cases, or will lead to confusion or prejudice in the
> effective management or trial of one or more of the cases.

<u>Id.</u> (citations omitted).

The two cases at issue do not have any common questions of fact. The events

in the two cases took place at separate institutions and involve different defendants.

Although there appears to be one common issue in that plaintiff alleges in both cases

that he was denied treatment and medication for his preexisting disabilities, resolution

of this issue is not the central question. Both cases involve other issues as well. In this

case, plaintiff also alleges that defendants failed to protect him from an assault by

another inmate and that he was denied medical treatment after the assault. In the

higher-numbered case, plaintiff alleges that he was forced to attend the Missouri Sex

Offender Program and education classes even though he should have been exempted

from those programs.  Further, because there are numerous allegations and numerous defendants in both actions, consolidation of the cases would make the issues relating to each individual defendant more confusing and would make the cases more difficult to manage.  Finally, substantial pretrial proceedings have already been completed in the lower-numbered case, and it would not facilitate the administration of justice to consolidate the cases at this late stage.  For these reasons, the Court would not consolidate these cases in any event.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's pro se motion to consolidate cases [Doc. #90] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a copy of this Order in Case No. 4:09CV0689 JCH.

Dated this 27th day of April, 2010.

AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE